

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00830-CV

**IN THE ESTATE OF** Joyce M. **LOVELADY**

From the Probate Court No. 2, Bexar County, Texas
Trial Court No. 2021-PC-0202
Honorable Veronica Vasquez, Judge Presiding

PER CURIAM

Sitting:      Adrian A. Spears II, Justice
H. Todd McCray, Justice
Velia J. Meza, Justice

Delivered and Filed: April 29, 2026

DISMISSED FOR WANT OF PROSECUTION

On December 23, 2025, Appellant Erica D. Haywood Muhammad filed a notice of appeal that stated her intent to appeal the probate court's orders. On January 9, 2026, appellant filed a first amended notice of appeal in which she moved to proceed in forma pauperis. On January 9, 2026, the trial court clerk filed a notification of late clerk's record stating that appellant was not entitled to appeal without paying the fee and that appellant had failed to pay or make arrangements to pay the fee for preparing the record. On January 21, 2026, we issued an order explaining that it appeared from appellant's first amended notice of appeal that she was attempting to appeal without payment of costs pursuant to Texas Rule of Civil Procedure 145. We further noted that it also appeared that the trial court clerk was contesting appellant's right to appeal without payment of

costs. Thus, we abated this appeal and referred the contest to the probate court. We ordered the probate court to set and give ten days' notice of an oral hearing on the motion. *See* TEX. R. CIV. P. 145(f).

On February 23, 2026, a supplemental reporter's record was filed. The supplemental reporter's record showed that on February 19, 2026, the probate court held a hearing in compliance with our order. The probate court stated on the record that it had given the required notice to appellant and that appellant had failed to appear at the hearing. The probate court further noted that appellant never filed an affidavit or statement of inability in the original trial matter. The probate court thus found that appellant had failed to appear for the hearing and had failed to meet her burden of proof under Rule 145(f)(1). Accordingly, the probate court denied appellant's motion to proceed without payment of costs pursuant to Rule 145.

On March 11, 2026, we reinstated this appeal on the docket of the court and ordered Appellant Erica D. Haywood Muhammad to provide written proof to this court on or before March 23, 2026, stating that she had paid or had made arrangements to pay the clerk's fee for preparing the clerk's record. We explained that if appellant failed to respond within the time provided, this appeal would be dismissed for want of prosecution. *See* TEX. R. APP. P. 37.3(b) (allowing dismissal of appeal for want of prosecution if clerk's record is not filed due to appellant's fault); *see also* TEX. R. APP. P. 42.3(c) (allowing dismissal of appeal if appellant fails to comply with an order of this court).

Appellant Erica D. Haywood Muhammad did not respond to our March 11, 2026 order. Therefore, we dismiss this appeal for want of prosecution. *See* TEX. R. APP. P. 37.3(b), 42.3(c).

PER CURIAM